UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

JUAN ESPAILLAT,

                                Petitioner,

   -v.-                                                            9:05-CV-0960
                                                                              (LEK/GJD)

GONZALEZ, U.S. Attorney General[1],

                                Respondent.

---

APPEARANCES:

JUAN ESPAILLAT
Petitioner, *pro se*
03-R-0726
Cape Vincent Correctional Facility
Route 12 E, P.O. Box 739
Cape Vincent, New York 13618

LAWRENCE E. KAHN, U.S. District Judge

## ORDER

     The Clerk has sent to the Court for review a petition submitted for filing by Juan Espaillat ("petitioner").  Dkt. No. 1.  Petitioner, who is presently confined at Cape Vincent Correctional Facility, has also submitted an *in forma pauperis* application.  Dkt. No. 2.

     The petition challenges the validity of a final order of removal issued against petitioner on February 4, 2005. Dkt. No. 1 at 1.  On March 31, 2005, the Board of Immigration Appeals dismissed petitioner's appeal of the removal order.  Id. at 2.  On June 21, 2005, the Board of Immigration Appeals denied petitioner's motion to reconsider the dismissal of petitioner's appeal.  Id. at 3.

---

    [1] The Clerk is hereby directed to amend the caption to correct the spelling of United States Attorney General Alberto Gonzales' name.

On May 11, 2005, the REAL ID Act of 2005 was signed into law. Pub. L. No. 109-13, Div. B., 119 Stat. 231 (2005). Various provisions of this law directly impact the availability of federal judicial review of removal orders entered by administrative immigration judges. Specifically, section 242(a) of the Immigration and Nationality Act, 8 U.S.C. § 1252(c), was amended to clarify that district courts lack jurisdiction to review any removal order of any alien. REAL ID Act, § 106(a). Jurisdiction to review constitutional claims or questions of law arising out of removal orders is retained and vested exclusively in the United States Courts of Appeals. REAL ID Act, § 106(a)(1)(A)(iii) & (a)(1)(B).

The REAL ID Act also provides that if any case brought under 28 U.S.C. § 2241 challenging a final order of removal, deportation and exclusion "is **pending** in a district court" on the date the Act became effective -- May 11, 2005 -- "then the district court shall transfer the case (or the part of the case that challenges the order of removal, deportation or exclusion) to the court of appeals for the circuit in which the petition for review could have been properly filed...." Real ID Act, § 106(c) (emphasis added).

Petitioner filed his petition on July 22, 2005. Since petitioner is challenging an order of removal within the meaning of the REAL ID Act, this Court has no jurisdiction to review the merits of the petition. Moreover, since this petition was not **pending** on May 11, 2005, this Court has no authority to transfer this petition to the court of appeals and accordingly the petition is dismissed without prejudice to being refiled in the Second Circuit Court of Appeals. See Munoz v. Gonzalez, No. 05 Civ. 6056, 2005 WL 1644165 (S.D.N.Y. July 11, 2005); McDonald v. Mule, No. 05-CV-6367CJS, 2005 WL 1971896 (W.D.N.Y. Aug. 9, 2005); Robinson v. Mule, No. 05-CV-0536A, 2005 WL 1971893

(W.D.N.Y. Aug. 15, 2005).

## II.     *In forma pauperis* application

Turning to petitioner's in forma pauperis application (Dkt. No. 2), the Court grants the application.

WHEREFORE, it is hereby

**ORDERED**, that petitioner's request to proceed with this action *in forma pauperis* is **GRANTED**, and it is further

**ORDERED**, that petitioner's habeas petition challenging the removal order is **DISMISSED WITHOUT PREJUDICE** to it being refiled in the Second Circuit Court of Appeals, and it is further

**ORDERED**, that the Clerk serve a copy of this Order on all parties.


DATED:   September 26, 2005
             Albany, New York


_____
Lawrence E. Kahn
U.S. District Judge